IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>HORTENSIA L. MORALES,<br><br>      Defendant. | No. C 10-02561<br><br>**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING** |

## INTRODUCTION

This motion stems from a complaint for unlawful detainer following a foreclosure. Plaintiff originally filed suit in Contra Costa Superior Court. Defendant removed this action to federal court and plaintiff seeks a remand back to state court. Because the Court lacks subject-matter jurisdiction over this matter, plaintiff's motion to remand is **GRANTED**. Accordingly, the September 23 hearing scheduled for this motion is **VACATED**.

## STATEMENT

Plaintiff Deutsche Bank National Trust Company brought this action in Contra Costa Superior Court against defendant Hortensia L. Morales on October 26, 2009. Defendant removed this action to federal court on June 10, 2010, pursuant to 28 U.S.C. 1441(b). Following removal, plaintiff noticed a motion to remand to state court on July 2, 2010, asserting that defendant failed to sufficiently show that the requirements for subject-matter jurisdiction for federal court were met.

Plaintiff filed an unlawful detainer complaint, under California Civil Procedure Section 1161, against defendant to obtain possession of a single-family residence commonly known as 1213 Oak Haven Way, Antioch, CA 94509. Plaintiff came into possession of this property through a non-judicial foreclosure. The complaint alleged that defendant owes plaintiff: (1) restitution; (2) damages at the rate of $30 per day from October 21, 2009, for each day that the defendant continued in possession of the property, and; (3) costs herein, attorney's fees and further relief as is proper. Plaintiff also noted that the amount demanded from defendant does not exceed $10,000.

Defendant removed this action to federal court based on subject-matter jurisdiction, arguing the claims made by plaintiff were under federal law. Plaintiff argues that defendant has not carried the burden of proof to show that subject-matter jurisdiction is proper in federal court and seeks a remand to state court.

**ANALYSIS**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. Here, defendant has the burden of showing that diversity jurisdiction exists under 28 U.S.C. 1332 — namely, that plaintiff has different state citizenship from all properly named defendants and the matter in controversy exceeds the sum or value of $75,000. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

If a defendant cannot establish diversity jurisdiction, subject-matter jurisdiction can still be established under 28 U.S.C. 1331. This section provides that claims arising under federal law give a federal court subject-matter jurisdiction. The relevant inquiry for making this jurisdictional determination is to examine the specific claims made by plaintiff and decide if they are under federal or state law. Indeed, jurisdiction under 28 U.S.C. 1331, "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). More specifically, subject-matter jurisdiction cannot be created by a

defense or counterclaim. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

Plaintiff moves to remand on the following grounds: (1) defendant has not provided sufficient evidence to establish diversity jurisdiction, specifically that the amount in controversy exceeds $75,000; and (2) defendant has not established that plaintiff's original claim could be filed in federal court. This order agrees.

Defendant raises a number of arguments that are inapposite to this motion to remand. This order need not address those arguments nor decide the issue of whether plaintiff was a citizen of California at the time this lawsuit was filed because it finds remand appropriate on other grounds. *First*, the amount in controversy claimed by plaintiff is, at most, $10,000, which is far below the amount in controversy threshold for diversity jurisdiction under 28 U.S.C. 1332. *Second*, plaintiff cannot bring a state law complaint for unlawful detainer in federal court. Defendant contends that the complaint against him is under federal law. The original complaint, however, alleges only one cause of action, unlawful detainer of property after a foreclosure, and this is under California law. Thus, defendant has failed to meet the requirements of subject-matter jurisdiction in federal court.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. Accordingly, the September 23 hearing scheduled for this motion is **VACATED**. The Clerk shall remand this action to the Superior Court of California, County of Contra Costa.

**IT IS SO ORDERED.**

Dated: September 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3